UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
LOCAL 363, UNITED ELECTRICAL WORKERS of
AMERICA, IUJAT, and, UNITED WELFARE FUND
– SECURITY DIVISION, and the TRUSTEES
THEREOF,

                                                  Petitioners,

        -against-

J. UNITED ELECTRICAL CONTRACTING CORP.,
a/k/a J. UNITED ELECTRICAL CONTRACTING
a/k/a J. UNITED ELECTRICAL CORP.,

                                                  Respondent.
------------------------------------------------------------------- x

**REPORT AND RECOMMENDATION**

22-CV-6864 (CBA)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

       Petitioners Local 363, United Electrical Workers of America, IUJAT, (the "Union") and United Welfare Fund – Security Division (the "Fund") and the Trustees thereof ("Trustees") brought this action to confirm an arbitration award against Respondent J. United Electrical Contracting Corp., also known as "J. United Electrical Contracting" and "J. United Electrical Corp." (*See generally* Pet. to Confirm Arb. Award ("Pet."), ECF No. 1.)[1] Petitioners allege that Respondent failed to remit required contributions and union dues in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), the Labor Management Relations Act, 29 U.S.C. §§ 141 *et seq.* ("LMRA"), and the Federal Arbitration Act, 9 U.S.C. § 1. (*See generally* Pet., ECF No. 1.) Before the Court is Petitioners' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) and Local Civil

---

[1] All citations to documents filed on ECF are to the ECF document number (i.e., "ECF No. ___") and pagination ("___ of ___") in the ECF header unless otherwise noted.

Rules 55.1 and 55.2(a). (*See generally* Mot., ECF No. 10.)[2] The Honorable Carol Bagley Amon referred the motion for report and recommendation. For the reasons set forth below, the Court respectfully recommends that the motion should be **granted in part**.

I.  BACKGROUND

   A.  Factual Allegations

The following facts are taken from the Petition and documents incorporated by reference into the Petition and are assumed to be true for the purposes of this motion. *Finkel v. JCF Elec., Inc.*, No. 21-CV-3161 (CBA)(RER), 2022 WL 3682834, at *1 (E.D.N.Y. Aug. 25, 2022).

The Union is an unincorporated association and a "labor organization" within the meaning of the LMRA with its offices located at 138-50 Queens Boulevard, Briarwood, New York, 11435. (Pet., ECF No. 1 ¶ 3.) The Fund is an "employee benefits plan" within the meaning of ERISA and is organized pursuant to the LMRA with its office at the same location. (*Id.* ¶ 4.) Respondent is a domestic corporation and an "employer" within the meaning of the LMRA doing business at 1878 Victory Boulevard, Staten Island, New York 10314. (*Id.* ¶ 5.)

During the relevant periods alleged in the Petition, Respondent was a party to a collective bargaining agreement ("CBA") with the Union, which was in effect from December 1, 2019 through November 30, 2022. (*Id.* ¶ 6; Pet. Ex. B, ECF No. 1-2 at 62–99 (CBA).) Respondent was also bound to the terms of an Assumption Agreement, which was in effect

---

[2] The motion papers include the Notice of Motion (Mot., ECF No. 10) and its four exhibits (Mot., Exs. A–D, ECF Nos. 10-3 through 10-6); a memorandum of law (Mem., ECF No. 10-1); the declaration of Petitioners' counsel (Feldman Decl., ECF No. 10-2); a bill of costs (ECF No. 10-7); a certification of service for the default motion papers (ECF No. 10-8); and a proposed default judgment order (Proposed Default Judgmt., ECF No. 10-9.)

from December 1, 2011 through November 30, 2014, and agreed to be bound by certain amendments, extensions, and renewals to the CBA. (Pet. Ex. B, ECF No. 1-2 at 5 § 5.) Under the CBA and the Assumption Agreement, Respondent agreed to the payment of fringe benefit contributions. (Pet. Ex. B, ECF No. 1-2 at 5 § 4.) Specifically, the CBA required Respondent to "withhold from wages . . . the amount . . . of monthly [Union] dues" no later than the 10th day of each month and to remit those dues to the Union. (Pet., ECF No. 1 ¶ 6; Pet. Ex. B, ECF No. 1-2 at 67 art. 3 (CBA).) Respondent was also required to make benefit contributions to the Fund on behalf of certain employees. (*Id.* ¶ 6; Pet. Ex. B, ECF No. 1-2 at 81 art. 25 (CBA).) The CBA provides that "[a]ny disputes or grievances arising out of the interpretation of this [CBA] . . . may be submitted . . . for arbitration." (Pet., ECF No. 1 ¶ 7; Pet. Ex. B, ECF No. 1-2 at 74 art. 10 (CBA).)

The CBA also incorporates the United Welfare Fund Agreement and Declaration of Trust (the "Trust Agreement"). (Pet., ECF No. 1 ¶ 10.) Pursuant to the Trust Agreement, the Trustees are authorized to promulgate policies to facilitate collection and payment of contributions, including but not limited to generating Delinquency Collection Guidelines ("Guidelines"). (*Id.* ¶ 12; Pet. Ex. C, ECF No. 1-3 (Guidelines).) The Guidelines expressly authorized specific arbitrators to hear and decide disputes regarding employer compliance with the CBA. (Pet., ECF No. 1 ¶ 12.)

Petitioners allege that Respondent failed to make contribution payments due and owing to the Fund and failed to remit dues to the Union pursuant to the CBA. (*Id.* ¶¶ 8– 9.) Pursuant to the Guidelines, on February 1, 2022, Petitioners mailed a demand for arbitration to Respondent alleging that Respondent failed to pay dues and fringe benefit contributions. (*Id.* ¶ 15; Pet. Ex. D, ECF No. 1-4.) Arbitrator Aaron Shriftman issued a notice of hearing dated

3

March 2, 2022, which scheduled an arbitration hearing for March 14, 2022, and sent the notice via certified mail to Respondent. (Pet., ECF No. 1 ¶ 16; Pet. Ex. E, ECF No. 1-5 at 2 (Mar. 2, 2022 Not. of H'rg).) Respondent requested, and Petitioners consented to, an adjournment to accommodate Respondent's schedule. (Pet., ECF No. 1 ¶ 17; Pet. Ex. F, ECF No. 1-6.) The arbitration was then rescheduled to April 7, 2022, but was rescheduled again after Respondent indicated it was paying a portion of the outstanding balance. (Pet. Ex. A, ECF No. 1-1 at 2 n.1 (Arb. Award).) The Union advised Respondent that it intended to proceed on a newly scheduled arbitration date if Respondent failed to pay its outstanding balance. (*Id.*) The Arbitrator rescheduled the hearing to May 17, 2022 after Respondent failed to pay the outstanding balance. (*Id.*) On May 2, 2022, a Notice of Hearing of the May 17, 2022 arbitration was mailed to Respondent by certified mail and first-class mail to the Respondent's address on record with the New York State Department of State as well as to two additional addresses provided by the Petitioners. (Pet. Ex. F, ECF No. 1-6 (May 2, 2022 Not. of H'rg).)

The arbitration hearing proceeded as scheduled on May 17, 2022 via videoconference. (Pet., ECF No. 1 ¶ 19.) Petitioners timely appeared for the arbitration, but Respondent did not. (*Id.* ¶ 20; Pet. Ex. A, ECF No. 1-1 at 2–3 (Arb. Award).) After waiting for Respondent for thirty minutes, the Arbitrator proceeded with the hearing and took evidence from the Petitioners. (Pet. Ex. A, ECF No. 1-1 at 3 (Arb. Award).) Specifically, the issue before the Arbitrator was whether Respondent failed to remit dues to the Union and contributions to the Funds and if so, to determine the remedy. (*Id.*) At the hearing, the Petitioners introduced copies of the Assumption Agreement, the Guidelines, Petitioners' February 1, 2022 demand for arbitration, and the Notice of Hearing. (Pet. Ex. A, ECF No. 1-1 at 3–4 & nn.3–6 (Arb. Award).)

4

On June 14, 2022, the Arbitrator issued an opinion and award ("Arbitration Award") stating that the Petitioners "submitted uncontroverted evidence" that Respondent was bound by a CBA with the Union that required Respondent to make contributions to the Fund and remit dues and assessment to the Union. (Pet. Ex. A, ECF No. 1-1 at 3 (Arb. Award).) The Arbitrator found that "[Respondent] failed to make payments consistent with its contractual obligations" and directed Respondent to pay a total sum of $3,319.23, including $966 in dues, $1,092.00 in assessments, $1,000.86 in contributions, $200.17 in liquidated damages, and $60.19 in interest. (Pet. Ex. A, ECF No. 1-1 at 4, 6 (Arb. Award).) The Arbitrator awarded interest at the rate of 1.5% per month until Petitioners receive all payments, pursuant to the Trust Agreement. (*Id.* at 4.) The Arbitrator also held that Respondent "is [] responsible for costs and fees with the collection process," but did not specify the sums for this portion of the Arbitration Award. (*Id.*) However, Petitioners allege that the costs include $1,500 for attorneys' fees and $600 for the cost of arbitration. (Pet., ECF No. 1 ¶¶ 21–22.) A copy of the Arbitration Award was mailed to Respondent, but Respondent has not paid any of the amounts awarded by the Arbitrator. (Pet., ECF No. 1 ¶¶ 24–25.)

B. **Procedural History**

Petitioners initiated this action on November 9, 2022, seeking confirmation of the Arbitration Award. (Pet., ECF No. 1.) Respondent was served with the Summons and Petition on November 28, 2022, through New York's Secretary of State after unsuccessful attempts to personally serve Respondent at its mailing address. (Aff. of Service, ECF No. 6.) After Respondent failed to appear or otherwise respond to the Petition, the Clerk of Court entered default against Respondent on February 10, 2023. (Entry of Default, ECF No. 8.) On April 4, 2023, Petitioners moved for default judgment and damages and, on the same date, mailed

5

the motion papers to Respondent at all known addresses. (Cert. of Service, ECF No. 10-8.) Judge Amon referred the motion for report and recommendation. (April 4, 2023, Order Referring Mot.)

## II.    DISCUSSION

### A.    Legal Standard

"'Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards.'" *Loc. 355 United Serv. Workers Union, Int'l Union of Journeymen & Allied Trades v. Airtech NYC-LI, Inc.*, No. 22-CIV-5225 (ENV)(VMS), 2023 WL 7000886, at *3 (E.D.N.Y. Sept. 1, 2023) (quoting *Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998)), *adopted by* Order Adopting R. & R., *Loc. 355 United Serv. Workers Union, Int'l Union of Journeymen & Allied Trades v. Airtech NYC-LI, Inc.*, No. 22-CIV-5225 (ENV)(VMS) (E.D.N.Y. Oct. 2, 2023).

The Second Circuit has held that "Rule 55 does not operate well in the context of a motion to confirm or vacate an arbitration award." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006). Motions to confirm or vacate an arbitration award "are motions in an ongoing proceeding rather than a complaint initiating a plenary action." *Id.* at 108. "Since a petition to confirm an arbitration award typically is accompanied by a record, district courts generally should treat an unanswered petition to confirm an arbitration award 'as an unopposed motion for summary judgment.'" *Loc. 363 United Elec. Workers of Am., Int'l Union of Journeyman & Allied Trades v. Culver Elec., LLC*, No. 21-CV-5962 (ARR)(ST), 2022 WL 17820125, at *3 (E.D.N.Y. Aug. 3, 2022) (quoting *D.H. Blair & Co.*, 462 F.3d at 110), *adopted by* Order Adopting R. & R., *Loc. 363 United Elec. Workers of Am., Int'l Union of Journeyman*

6

*& Allied Trades v. Culver Elec., LLC*, No. 21-CV-5962 (ARR)(ST) (E.D.N.Y. Aug. 24, 2022). Therefore, courts "may not grant the motion for default without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *United Serv. Workers Union, Loc. 355, Int'l Union of Journeymen & Allied Trades v. Traditional Air Conditioning, Inc.*, No. 22-CV-5194 (ENV)(TAM), 2023 WL 5152512, at *3 (E.D.N.Y. June 5, 2023).

Although a summary judgment standard is applied to arbitration confirmation proceedings, "a federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential – indeed, among the most deferential in the law." *A&A Maint. Enter., Inc. v. Ramnarain*, 982 F.3d 864, 868 (2d Cir. 2020) (per curiam) (citation omitted). Judicial review of an arbitration award is "very limited" in keeping with the federal policy promoting "industrial stabilization through the collective bargaining agreement," with an emphasis on private resolution of labor disputes. *Airtech NYC-LI*, 2023 WL 7000886, at *3 (quoting *Nat'l Football League Mgmt. v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016)). Accordingly, "courts generally . . . defer to an arbitrator's award and confirm the award so long as the arbitrator provided a barely colorable justification for the outcome reached." *Finkel v. Uptown Commc'ns & Elec., Inc.*, No. 20-CV-3303 (LDH)(CLP), 2022 WL 2467471, at *3 (E.D.N.Y. Apr. 12, 2022) (citations and quotation marks omitted); *see also Airtech NYC-LI*, 2023 WL 7000886, at *3 (collecting cases). Thus, the Court must grant the award unless the award is vacated, modified, or corrected. *Finkel v. J&H Elec. Contracting, Inc.*, No. 22-CV-4293 (MKB), 2023 WL 3948752, at *3 (E.D.N.Y. June 12, 2023) (citing *D.H. Blair & Co.*, 462 F.3d at 110).

### B.     Confirmation of the Arbitration Award

Petitioners argue that the Court should confirm the arbitration award because there is no issue of material fact that: (1) Respondent is bound by the CBA; (2) the CBA requires arbitration of grievances; and (3) the Arbitrator was empowered to hear the grievances when he rendered his award. (Mem., ECF No. 10-1 at 10–11; Feldman Decl., ECF No. 10-2 ¶ 5, 7, 11, 22.)  The Court agrees.

Based on the record before the Court, there is sufficient basis to conclude that Petitioners' application is an unopposed motion for summary judgment and that there are no material facts in dispute.  *J&H Elec. Contracting*, 2023 WL 3948752, at *4 (granting petitioners' undisputed motion after a review of petitioners' supporting documentation); *Traditional Air Conditioning*, 2023 WL 5152512, at *4 (recommending that petitioners were entitled to judgment because petitioners established no material facts when respondent failed to appear in the litigation).  Petitioners' motion is supported by the Arbitration Award (Mem. Ex. A., ECF No. 10-3 at 10–14); the CBA (*id.* at 76–113); the Guidelines (*id.* at 115–134); the demand for arbitration (*id.* at 134); and the hearing notices (*id.* at 138–142).  These documents establish that Respondent was bound by the CBA and the Guidelines during the relevant time period.  Respondent was a party to a collective bargaining agreement with the Union which was in effect from December 1, 2019 through November 30, 2022. (Mem. Ex. A., ECF No. 10-3 at 76–113 (CBA).) Pursuant to the CBA, Respondent was required to withhold Union dues and pay benefits contributions to the Fund. (Mem. Ex. A., ECF No. 10-3 at 81, 95; Feldman Decl., ECF No. 10-2 ¶ 5.)  The CBA requires arbitration of grievances and thus, the Arbitrator was empowered to hear the grievances when he rendered his award.  (Mem., ECF No. 10-1 at 11; Mem. Ex A., ECF No. 10-3 at 88; Feldman Decl., ECF No. 10-2 ¶¶ 7, 11.)  Respondent

8

failed to make the contribution payments to the Fund and failed to remit dues to the Union. (Feldman Decl., ECF No. 10-2, ¶ 9; Mem. Ex. A., ECF No. 10-3 at 12 (Arb. Award).) Despite timely notice of the arbitration hearing, which was rescheduled at Respondent's request, Respondent did not appear at the arbitration. (Mem. Ex A., ECF No. 10-3 at 10–11 (Arb. Award); Feldman Decl., ECF No. 10-2 ¶¶ 16–17.) Upon receiving Petitioners' evidence, the Arbitrator determined that Respondent "failed to make payments consistent with its contractual obligations" and directed Respondent to pay $3,319.23, which includes unremitted dues and contributions, interest on arrears, and liquidated damages. (Mem. Ex A., ECF No. 10-3 at 10–12 (Arb. Award); Feldman Decl., ECF No. 10-2 ¶ 21.) "As respondent has failed to appear in this action – let alone raise any argument regarding vacatur, modification, or correction – and no defense is apparent from the record, confirmation is mandatory." *Finkel v. IDL Commc'n & Elec., Inc.*, No. 22-CV-5889 (NRM)(RML), 2023 WL 4565403, at *4 (E.D.N.Y. June 20, 2023), *adopted by* 2023 WL 4564911 (E.D.N.Y. July 17, 2023).

Accordingly, the Court respectfully recommends that the Arbitration Award in the amount of **$3,319.23** should be confirmed.

    **C.    Interest**

        **1.    Pre-Judgment Interest**

ERISA provides that "interest on unpaid contributions shall be determined by using the rate provided for under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986." 29 U.S.C. § 1132(g)(2). Pursuant to the Guidelines, if a delinquent employer requests a payment schedule it shall "require payment of interest at the rate of 18% per annum." (Mem. Ex. A., ECF No. 10-3 at 119 (Guidelines).) The Arbitrator also found that "interest will continue to accrue at a rate of one and a half percent (1.5%) per

9

month until all payments are received," which is consistent with the Guidelines' rate. (Mem. Ex. A., ECF No. 10-3 at 12 (Arb. Award).)

Here, Petitioners request that the Court award "interest thereon from the date of the Award" but do not request a specific amount in prejudgment interest. (Pet., ECF No. 1 at 6–7 ¶ 2.) In their proposed judgment, Petitioners state that the judgment should be in accordance with the June 14, 2022 Arbitration Award compelling Respondent to pay "delinquent contributions, dues, interest, liquidated damages, attorneys' fees, and arbitration costs[.]" (Proposed Default Judgmt., ECF No. 10-9.) Courts have granted prejudgment interest pursuant to the CBA absent further documentation. *See, e.g.*, *JCF Elec.*, 2022 WL 3682834, at *3 ("When interest accrues during the pendency of the action and it is explicitly requested in the complaint, such interest will be awarded."). Accordingly, the Court respectfully recommends that Petitioners should be awarded pre-judgment interest at the rates provided for in the Guidelines and/or the Arbitration Award from June 14, 2022, the date of the Arbitration Award, through the date of judgment.

### 2.     Post-Judgment Interest

Petitioners do not specifically seek post-judgment interest. However, "the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (citing 28 U.S.C. § 1961). Accordingly, the Court respectfully recommends that Petitioners should be granted post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961.

### D. Attorneys' Fees and Costs

Petitioners request $1,500.00 in attorneys' fees and $1,513.00 in costs. (Mem., ECF No. 10-1 at 19; Feldman Decl., ECF No. 10-2 ¶ 22; Proposed Default Judgmt., ECF No. 10-9.)

#### 1. Attorneys' Fees

ERISA allows for an award of reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2)(D). Pursuant to the Guidelines incorporated into the CBA, "attorneys' fees shall . . . be due and owing upon a favorable judgment or arbitration award." (Mem. Ex. A., ECF No. 10-3 at 129.)

District courts have broad discretion to determine the amount of attorneys' fees. *Trustees of the Pavers & Road Builders District Council Welfare, Pension, & Annuity Funds v. Site Fencing, Inc.*, No. 23-CV-2680 (HG)(MMH), 2024 WL 1082700, at *9 (E.D.N.Y. Mar. 11, 2024). In actions to enforce arbitration awards, courts assess whether legal fees are reasonable and must determine the "presumptively reasonable fee" by examining the lodestar amount, which is the product of a reasonable hourly rate and the reasonable number of hours required by a case. *J&H Elec. Contracting*, 2023 WL 3948752, at *4–5. To determine a reasonable hourly rate, the court looks to the hourly rates that attorneys charge for comparable work. *Annuity, Pension, Welfare, Training & Lab. Mgmt. Coop. Tr. Funds of Int'l Union of Operating Eng'rs Loc. 14-14b, AFL-CIO by Christian v. Regal USA Concrete, Inc.*, No. 23-CV-1208 (FB)(RML), 2023 WL 7413837, at *4 (E.D.N.Y. Sept. 28, 2023), *adopted by* 2023 WL 6865599 (E.D.N.Y. Oct. 18, 2023).

"The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and necessity of the hours spent and the rates charged." *Trustees of Pavers &*

11

*Rd. Builders Dist. Council Welfare, Pension, & Annuity Funds v. Cape Mount Heavy Constr. & Assocs.*, *LLC*, No. 22-CV-5050 (KAM)(JRC), 2023 WL 5830338, at *10 (E.D.N.Y. July 31, 2023), *adopted by* 2023 WL 5287218 (E.D.N.Y. Aug. 17, 2023). A request for attorneys' fees must include contemporaneous time records that specify for each attorney, the hours expended and the nature of the work done. *Regal USA Concrete*, 2023 WL 7413837, at *3. "In reviewing a fee application, the Court should exclude 'excessive, redundant, or otherwise unnecessary' hours." *Cape Mount Heavy Constr.*, 2023 WL 5830338, at *11 (quoting *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009)).

  Here, the record does not support Petitioners' requested award for attorneys' fees. First, the Arbitrator's Award does not include a sum certain for attorneys' fees. (Pet. Ex. A, ECF No. 1-2 at 4.) Second, Petitioners do not submit any contemporaneous billing records or information about the number of hours expended or hourly rates in support of their requests for attorneys' fees. Petitioners must provide sufficient documentary evidence to support an award of reasonable attorneys' fees. *See, e.g.*, *Uptown Commc'ns & Elec.*, 2022 WL 2467471, at *7–8 (recommending $875 in attorneys' fees for 2.5 hours of work when counsel provided information about their qualifications and information about work performed); *J&H Elec. Contracting*, 2023 WL 3948752, at *6 (awarding $625 in attorneys' fees for 2.5 hours of work when petitioner submitted contemporaneous records specifying relevant dates, time spent and work done); *JCF Elec.*, 2022 WL 3682834, at *4 (awarding attorneys' fees when counsel submitted invoices documenting specific tasks performed, hours worked, and attorney and support staff's hourly rates).

12

Accordingly, the Court respectfully recommends that Petitioners' request for $1,500 in attorneys' fees should be denied without prejudice and with leave to renew within 30 days of adoption of this Report and Recommendation.

### 2. Costs

Petitioners seek $1,513 in costs, including $600 in arbitration costs, the $402 court filing fee and $511 for service of process. (Mem., ECF No. 10-1 at 19; Feldman Decl., ECF No. 10-2 ¶ 22; Proposed Default Judgmt., ECF No. 10-9.) "As applied to suits for the confirmation and enforcement of arbitration awards, . . . when a challenger refuses to abide by an arbitrator's decision without justification . . . costs may properly be awarded." *Traditional Air Conditioning*, 2023 WL 5152512, at *4.

Petitioners are not entitled to the entire $600 arbitrator's fee. "An arbitrator's fee may be properly awarded in the judgment to confirm the award where '(1) an arbitrator directs both parties to split the arbitrator fee pursuant to the CBA, (2) the arbitrator specifies the amount to be paid by each party in the award, (3) the employer fails to pay its share, and (4) the petition to confirm the award requests payment of the employer's unpaid share of the arbitrator's fees.'" *Airtech NYC-LI*, 2023 WL 7000886, at *5 (quoting *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 352 (E.D.N.Y. 2018) (collecting cases)). Here, neither the CBA nor the Arbitration Award indicate that Petitioners may recover the entire $600 in arbitration costs. The CBA states that "fees and all other costs of arbitration hereunder shall be borne and paid *equally* by the parties hereto." (Pet. Ex. A., ECF No. 1-2 at 76 (CBA art. 10 § H (grievance procedures and arbitration provision) (emphasis added).) The Arbitration Award states that "[Respondent] is also responsible for the costs and fees associated with the collection process," but did not explicitly award costs in

13

a sum certain to justify Petitioners' request for the entire fee. (Mem. Ex. A., ECF No. 10-3 at 12.)  The Arbitrator's March 2, 2022, Notice of Hearing indicates that the arbitrator's fee was $600.00 but nothing in the record suggest that Petitioners paid this amount. (Mem. Ex. A., ECF No. 10-3 at 139.)  Because the arbitrator's fee is essentially the parties' debt to the arbitrator for services rendered, Petitioners could, at most, be reimbursed for their share of that fee upon proof of payment.  *See Airtech NYC-LI*, 2023 WL 7000886, at *5 ("Absent a showing of having paid the respondent's portion of arbitration costs, the 'petitioner has no standing to collect an outstanding debt owed by respondent to the arbitrator.'") (quoting *N.Y.C. Dist. Council of Carpenters v. Am. Flooring Concepts Inc.*, No. 18-CV-2657 (AMD)(RLM), 2018 WL 4863651, at *4 (E.D.N.Y. Sept. 7, 2018)).  Accordingly, the Court respectfully recommends that Petitioners' request for $600 in arbitration costs should be denied without prejudice and with leave to supplement the petition to provide proof of payment.

On the other hand, Petitioners are entitled to all costs for litigating this petition as they are reasonable and supported in the record.  The Court permissibly takes judicial notice of the docket notations for Petitioners' paid $402 filing fee (ECF No. 1 Dkt. Entry).  *Phillips v. TraxNYC Corp.*, No. 21-CV-528 (LDH)(MMH), 2023 WL 1987206, at *11 (E.D.N.Y. Feb. 14, 2023), *adopted by* 2023 WL 2532006 (E.D.N.Y. Mar. 14, 2023).  Petitioners also submit receipts to support the remaining $511 for service of process. (Mot. Ex. D., ECF No. 10-6.)

The Court therefore respectfully recommends that Petitioners should be awarded **$913** in litigation costs.

### III.  **CONCLUSION**

For all the foregoing reasons, the Court respectfully recommends Petitioners' motion to enforce the arbitration award at ECF No. 10 should be **granted in part** as follows: (1) the

14

Arbitration Award of **$3,319.23** should be confirmed; (2) Petitioners should be awarded **$913** in litigation costs; and (3) judgment in the amount of **$4,232.23** should be entered in favor of Petitioners and against Respondent, reflecting the sum of the Arbitrator's Award and the awarded litigation costs and should include (a) interest in the amount set forth in the Arbitration Award from June 14, 2022, through the date judgment is entered[3] and (b) post-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961. The Court further recommends that Petitioners' requests for $600 in arbitration costs and $1,500 in attorneys' fees should be **denied without prejudice** and with leave to renew within 30 days of the adoption of this Report and Recommendation, if any.

A copy of this Report and Recommendation is being served on Petitioners via ECF. The Clerk of Court is respectfully directed to serve a copy of this Report and Recommendation to Respondent J. United Electrical Contracting Corp., a.k.a. J. United Electrical Contracting, a.k.a. J. United Electrical Corp. at the following addresses forthwith: (1) 651 Willowbrook Road, Staten Island, New York 10314; (2) 40 Broad Street, New York, New York 10004; and (3) 1878 Victory Boulevard, Staten Island, New York 10314.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Amon. If a party

---

[3] Petitioners' proposed judgment (ECF No. 10-9) should be amended to reflect the recommendations herein.

fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
March 15, 2024

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge